## UNITED STATES v. LOCKE et al.
### No. 435.

District Court, M. D. Tennessee, Nashville Division.

Oct. 4, 1944.

A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., for plaintiff.

Robert H. Polk, of Franklin, Tenn., for defendants.

DAVIES, District Judge.

The above entitled cause came on for hearing before the Court on the 25th day of July, 1944. The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendants, and after due consideration thereof the Court enters its findings of fact and conclusions of law as follows:

### Findings

1. That the defendants have for many years past occupied and jointly operated a farm of 695.6 acres in Williamson County, Tennessee, belonging to Jim and Marshal Hughes, from whom the defendants leased said farm for money rent.

2. That, pursuant to the provisions of the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C.A. § 1281 et seq., and the rules and regulations duly promulgated thereunder, marketing quotas were duly established and in effect for wheat farms in the United States, including said farm operated by the defendants, for the 1941 and 1942 crops of wheat.

3. That on or about May 23, 1940, on which date the 1941 Wheat Listing Sheet was approved by the State Committee and filed with the County Committee of Williamson County, the wheat acreage allotment for said farm for the 1941 wheat crop was duly determined and fixed at 31.9 acres, and the normal yield at 13.3 bushels per acre.

4. That the defendants were duly notified on July 26, 1940, of the farm wheat acreage allotment of 31.9 acres and of the normal wheat yield of 13.3 bushels per acre so fixed and determined for said farm for the 1941 crop.

5. That on or about July 31, 1941, on which date the 1942 Wheat Listing Sheet was approved by the State Committee and filed with the County Committee of Williamson County, the wheat acreage allotment for said farm for the 1942 wheat crop was duly determined and fixed at 33.1 acres, and the normal yield at 13 bushels per acre.

6. That it does not appear from the proof that the defendants were notified of the farm wheat acreage allotment and the normal wheat yield per acre, so fixed and determined for said farm for the 1942 wheat crop, until on or about February 23, 1943.

7. That the marketing penalty for excess wheat, provided for in the Agricultural Adjustment Act of 1938, as amended, was duly fixed at 49¢ per bushel for the 1941 crop, and at 57¢ per bushel for the 1942 crop.

8. That the defendants produced and harvested on said farm 130.6 acres of wheat in 1941, and the same number of acres in 1942. No part of either the 1941 or 1942 crops was mixed grain.

9. That the defendants in 1941 produced on said farm 1,736.98 bushels of wheat; and that their marketing excess for that year was 1,312.71 bushels.

10. That the defendants in 1942 produced on said farm 1,697.8 bushels of wheat; and that their marketing excess for that year was 1,293.5 bushels.

11. That the defendants threshed both crops of wheat on said farm, the 1941 crop in the latter part of June or the first part of July, 1941, and the 1942 crop in the latter part of June or the first part of July, 1942, no more exact dates of the threshing being shown in the proof.

12. That no part of either the 1941 or 1942 crops of wheat was marketed by the defendants, or stored under the Regulations of the Secretary of Agriculture, or delivered up to the Secretary.

13. That all of the 1941 crop of wheat so produced by the defendants was fed to their livestock on said farm, except 100 bushels which they used for planting the 1942 crop; and that no part of the 1941 crop was in existence on February 23, 1943.

14. That of the 1942 crop of wheat so produced by the defendants, they used 100 bushels for planting the 1943 crop and 650 bushels were fed to their livestock on said farm; and that the rest of the 1942 crop was in storage on said farm on February 23, 1943.

15. That the defendants did not make, and have not made, any application to the County Committee for an adjustment in the amount of the farm marketing excess of wheat on the basis of actual production for either the 1941 or 1942 crops, as provided by the applicable Regulations duly promulgated by the Secretary of Agriculture, or otherwise.

16. That the defendants have taken no part whatsoever in the agricultural conservation program, and have consistently been non-cooperative with the Williamson County Committee and its officials in the proper administration of the Act and the Regulations with respect to the 1941 and 1942 crops of wheat; (a) that the defendants did not measure and have made only an estimate of the number of acres of wheat planted for the 1941 and 1942 crops, —however, the acreage of the 1941 crop was viewed by an official of the County Committee and was measured by means of an aerial photograph of the crop land, without assistance from the defendants, who in May, 1942, declined to point out or show to another such official their crop of wheat for that year and refused also to answer questions respecting the crop; (b) that the defendants made no measurement of the threshed wheat of either the 1941 or 1942 crops, and declined to allow the wheat to be inspected or measured by officials of the County Committee; (c) and that the defendants failed to keep a record and failed to make the report required by the Regulations, of the number of bushels of wheat produced by them and the number of bushels of wheat on hand of both the 1941 and 1942 crops, although they did furnish a sworn statement as to the 1941 crop under date of January 1, 1943, which was filed in evidence as a Government's exhibit.

## Conclusions

1. That the plaintiff is entitled to judgment against the defendants for the penalty on 1,312.71 bushels of the 1941 wheat crop at 49¢ per bushel, or the sum of $643.22, plus the penalty on 750 bushels of the 1942 crop at 57¢ per bushel, or the sum of $427.50, making in all the sum of $1,070.72.

2. That the plaintiff is entitled to an order, requiring the defendants to file with the Williamson County Agricultural Conservation Committee of Franklin, Tennessee, a verified report on form Wheat—519, entitled, "Wheat Record and Report Made by Farm Operator," containing full, true and correct information as to the 1942 crop of wheat produced by them, as called for by said form of report.

Judgment will be entered accordingly.